■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC MENDOZA, Appellant. [670 NYS2d 36] —Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered January 6, 1995, convicting defendant, after a jury trial, of murder in the second degree, robbery in the first degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 23 years to life, 8⅓ to 25 years and 5 to 15 years, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The killing of the restaurant manager simultaneously with the execution of the robbery of the cash receipts of the restaurant satisfied the element of a death caused "in furtherance of" a robbery within the meaning of Penal Law § 125.25 (3) and we reject defendant's argument that the circumstantial evidence raises a reasonable doubt with respect to this issue. We perceive no abuse of sentencing discretion. We have considered defendant's other contentions and find them to be without merit. Concur—Ellerin, J. P., Wallach, Rubin, Tom and Saxe, JJ.

■ ROBERT STEVENSON, Appellant, v CITY OF NEW YORK et al., Respondents. [671 NYS2d 218] —Order (denominated decision and judgment), Supreme Court, New York County (Jane Solomon, J.), entered on or about October 25, 1996, which, in an action for malicious prosecution, denied plaintiff's motion to vacate a prior order of the same court and Justice granting, on default, defendants' motion to dismiss the complaint for failure to serve a notice of claim, unanimously affirmed, without costs.

A motion to vacate a default requires both a reasonable excuse and a showing of a meritorious claim. Here, while conceding that the failure to serve a notice of claim is fatal to any State-based tort claim, plaintiff contends that he nevertheless has a meritorious Federal-based tort claim under 42 USC § 1983. We disagree. No facts are adduced tending to show that plaintiff was selectively prosecuted for building code violations because of his race, or that race-based prosecutions were official policy or an officially sanctioned custom (*see, Monell v New York City Dept. of Social Servs.*, 436 US 658, 691). Concur—Ellerin, J. P., Wallach, Rubin and Tom, JJ.